UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Stephen Thomas Yelverton, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Docket No.: 11-7063 |
| ) | |
| Deborah Marm and ) | |
| Walter J. Marm, Jr., ) | |
| ) | |
| Appellees. ) | |

## APPELLEES' MOTION TO DISMISS APPEAL

COME NOW, Appellees Deborah Marm and Walter J. Marm, Jr. (the "Marms"), by and through their undersigned counsel, and for their Motion to Dismiss Appeal (the "Motion to Dismiss"), state as follows:

### INTRODUCTION

The Court should dismiss the appeal because (1) the claims that are the subject of the Complaint have been settled by the Marms and Wendell Webster, who serves as the Chapter 7 bankruptcy trustee (the "Trustee") for Appellant Stephen Yelverton ("Yelverton"); (2) the Bankruptcy Court entered an order on June 19, 2012 approving the settlement agreement; (3) the District Court entered orders on August 6, 2014 affirming the Bankruptcy Court's order approving the settlement agreement and affirming other Bankruptcy Court orders challenging the

settlement that Yelverton had filed; and (4) this Court entered orders on March 9, 2015 affirming the District Court orders.

## FACTUAL BACKGROUND

Yelverton filed the Complaint, which is the subject of this appeal, seeking to avoid, as a constructive fraudulent conveyance pursuant to the provisions of Sections 548 and 550 of the Bankruptcy Code, the sale of certain real property in North Carolina to the Marms alleging that they did not pay fair market value for the property. The Complaint commenced Adversary Proceeding 10-10004 in the Bankruptcy Court. Yelverton filed the Complaint when he was a Chapter 11 debtor-in-possession in his bankruptcy case. On July 20, 2010, the Bankruptcy Court entered an order granting the Marms' motion for summary judgment, and the District Court affirmed the summary judgment order by an order dated April 5, 2011.[1] On June 9, 2011, Yelverton filed a notice of appeal by which he appealed the District Court's April 5, 2011 order, thereby commencing the instant appeal.

On August 20, 2010, the Bankruptcy Court entered an order converting Yelverton's bankruptcy case to a Chapter 7 case and because the case was converted, Yelverton was no longer a Chapter 11 debtor-in-possession. Wendell

---

[1] By a minute order entered on July 12, 2011, the District Court denied Yelverton's Motion to Alter Judgment.

2

Webster was appointed to serve as the Chapter 7 Trustee in Yelverton's bankruptcy case.

The Marms and others entered into a Settlement Agreement with the Trustee in March 2012, which provided for the settlement of the Complaint, as well as for the settlement of Yelverton's other claims against the Marms. The Settlement Agreement provides:

> Therefore, the parties have agreed to compromise and enter into this Settlement Agreement **to resolve and settle all matters and issues that have been asserted, or which could have been asserted**, between them in the District Court case, the Bankruptcy Case, the Edmundson Case or the **Marm Case**.

Settlement Agreement at 3 (emphasis added).

The term "Marm Case" refers to Adversary Proceeding No. 10-10004. Settlement Agreement at 2.

Consummation of the Settlement Agreement is conditioned on the Settlement Order and the order dismissing the Marm case being final and not subject to further appeal. The Settlement Agreement provides:

> 1.     The Defendants will pay the total sum of ONE HUNDRED TEN THOUSAND AND 00/100 DOLLARS ($110,000.00) (the "Payment") to the Trustee within ten (10) days following the date on which the later occurs: (i) the order approving the Mutual Release and Settlement Agreement becomes final and not subject to further appeal (the "Approval Order") and (ii) the Marm Case has been dismissed by the entry of an order which is final and not subject to further appeal. The Approval Order must be in form and content acceptable to the

3

>Trustee and the Defendants and attached hereto as Exhibit 1 is a form of order acceptable to the Trustee and to the Defendants.

Settlement Agreement, ¶ 1.

On May 4, 2012, the Trustee filed the Trustee's Motion to Approve Mutual Release and Settlement Agreement (the "Settlement Motion") (Bankruptcy Court Dkt. No. 451). A copy of the Settlement Motion is attached hereto as ***Exhibit 1***. The Settlement Agreement is attached as an exhibit to the Settlement Motion.

The Bankruptcy Court conducted a day-long hearing on the Settlement Motion on June 18, 2012, at which Yelverton appeared and participated. The Bankruptcy Court approved the Settlement Agreement by its Order Granting Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 to Approve Settlement Agreement, which was entered on June 19, 2012 (the "Settlement Order") (Bankruptcy Court Dkt. No. 477). A copy of the Settlement Order is attached hereto as ***Exhibit 2***. In the Settlement Order, the Bankruptcy Court made a finding of fact that the claims Yelverton asserted against the Marms in the Complaint (referred to as the Marm Case in the Settlement Agreement) constitute property of the bankruptcy estate. The Settlement Order provides:

>The claims and causes of action (collectively, Claims") asserted in the District Court Case, the Bankruptcy Case, the Edmundson Case, and the **Marm Case** (defined in Agreement) constitute property of the Debtor's bankruptcy estate and, pursuant to this Order, the Trustee has the power and authorization to compromise and settle the Claims.

4

Settlement Order, ¶ 4 (emphasis added).

After filing numerous motions for reconsideration and other motions seeking to attack the Settlement Order, Yelverton filed three appeals challenging the Settlement Order which were docketed by the District Court as Civil Action Nos. 12-01539, 13-00454, and 13-01544.  By orders entered on August 6, 2014, the District Court affirmed the Settlement Order as well as the Bankruptcy Court's orders relating to Yelverton's other challenges to the Settlement Order.  A copy of the Memorandum Opinion that the District Court entered in connection with the orders approving the Settlement Order is attached hereto as ***Exhibit 3***.

Yelverton subsequently filed three appeals challenging the District Court's orders which were docketed by this Court as Appeal Nos. 14-7149, 14-7137 and 14-7147.  By orders entered on March 9, 2015, this Court affirmed the orders of the District Court which included affirming the District Court order which affirmed the Settlement Order.  Copies of this Court's three orders are attached hereto, respectively, as ***Exhibits 4, 5 and 6***.

## REQUEST FOR RELIEF

The claims asserted in the Complaint have been settled, and the terms of the Settlement Agreement provide that the agreement will be consummated once the Settlement Order and the order dismissing the Complaint become final and non-

appealable. Consequently, the Court should dismiss the appeal with prejudice so the Marms and the Trustee can proceed to consummate the settlement.

Dated: April 9, 2015    */s/ Jeffrey L. Tarkenton*
Jeffrey L. Tarkenton (D.C. Bar No. 376493)
WOMBLE CARLYLE SANDRIDGE &
 RICE, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
Tel:  (202) 857-4450
Fax:  (202) 261-0050
jtarkenton@wcsr.com

*Counsel for Deborah Marm and Walter J.
 Marm, Jr.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2015, I caused a true and correct copy of the foregoing Appellees' Motion to Dismiss Appeal to be served via the Court's CM/ECF system or by first-class, U.S. mail, postage prepaid, upon the following:

>Stephen Thomas Yelverton
>601 Pennsylvania Avenue, N.W.
>Suite 900 South
>Washington, DC  20004
>
>Wendell Webster, Trustee
>Webster & Frederickson, PLLC
>1775 K Street, N.W.
>Suite 600
>Washington, DC  20006

      /s/ Jeffrey L. Tarkenton
      Jeffrey L. Tarkenton