## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Stephen Thomas Yelverton, )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>Deborah Marm and )<br>Walter J. Marm, Jr., )<br>)<br>    Appellees. )<br>) | Docket No.: 11-7063 |

### APPELLEES' REPLY TO APPELLANT'S
### OPPOSITION TO MOTION TO DISMISS APPEAL

COME NOW, Appellees Deborah Marm and Walter J. Marm, Jr. (the "Marms"), by and through their undersigned counsel, and for their Reply to Appellant's Opposition to Motion to Dismiss Appeal (the "Reply"), state as follows:

Appellant Stephen Thomas Yelverton ("Yelverton") contends that Wendell Webster ("Webster"), who is the Chapter 7 trustee in Yelverton's bankruptcy case, lacked the authority to settle the adversary proceeding (the "Adversary Proceeding") that Yelverton filed against the Marms in the Bankruptcy Court, in which Yelverton asserted claims for a constructive fraudulent conveyance under 11 U.S.C. §§ 548 and 550. Yelverton filed the Adversary Proceeding on January 14, 2010, at which time Yelverton was a Chapter 11 debtor-in-possession. The

Bankruptcy Court subsequently converted Yelverton's case to a Chapter 7 case, and Webster was appointed to serve as the Chapter 7 trustee.

Yelverton asserts in the Reply that Webster could not settle the Adversary Proceeding claims because the claims that had been asserted in the Adversary Proceeding were not property of the bankruptcy estate. Yelverton's contention is plainly wrong since 11 U.S.C. § 541 includes as bankruptcy estate property all legal and equitable interests of a debtor in addition to any interests recovered under section 541. Section 541 provides in pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subjections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> \*     \*     \*
>
> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

11 U.S.C. § 541.

The Settlement Agreement specifically provides for the settlement and release of the Adversary Proceeding and the claims alleged in the Adversary Proceeding. The Bankruptcy Court entered an order on June 19, 2012 approving the Settlement Agreement; the District Court entered orders on August 6, 2014

2

affirming the Bankruptcy Court's order approving the Settlement Agreement and affirming other Bankruptcy Court orders disposing of motions challenging the settlement that Yelverton had filed; and this Court entered orders on March 9, 2015 affirming the District Court orders.

WHEREFORE, Deborah Marm and Walter J. Marm respectfully ask the Court to dismiss the appeal with prejudice because the claims that are the subject of the instant appeal have been settled.

Dated: April 29, 2015

/s/ *Jeffrey L. Tarkenton*
Jeffrey L. Tarkenton (D.C. Bar No. 376493)
WOMBLE CARLYLE SANDRIDGE &
    RICE, LLP
1200 Nineteenth Street, N.W.
Suite 500
Washington, DC  20036
Tel:  (202) 857-4450
Fax:  (202) 261-0050
jtarkenton@wcsr.com

*Counsel for Deborah Marm and Walter J.
    Marm, Jr.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2015, I caused a true and correct copy of the foregoing Appellees' Reply to Appellant's Opposition to Motion to Dismiss Appeal to be served via the Court's CM/ECF system or by first-class, U.S. mail, postage prepaid, upon the following:

> Stephen Thomas Yelverton
> 601 Pennsylvania Avenue, N.W.
> Suite 900 South
> Washington, DC  20004
>
> Wendell Webster, Trustee
> Webster & Frederickson, PLLC
> 1775 K Street, N.W.
> Suite 600
> Washington, DC  20006

                                                                   /s/ Jeffrey L. Tarkenton
                                                           Jeffrey L. Tarkenton