# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 11-7063**                                   **September Term, 2014**

1:10-cv-01494-RLW

**Filed On:** August 6, 2015

In the Matter of: Stephen Thomas Yelverton,
Esquire, Attorney,

------------------------------

Stephen Thomas Yelverton,

       Appellant

    v.

Deborah Marm and Walter J. Marm, Jr.,

       Appellees

       **BEFORE:**   Brown, Kavanaugh, and Pillard, Circuit Judges

### O R D E R

      Upon consideration of appellant's motions for recusal, for leave to request full briefing and oral argument, and to submit supplemental authorities, the combined opposition thereto, and the reply; appellant's motion to dismiss the settlement agreement for lack of jurisdiction and to remand, the combined opposition thereto, and the reply; appellees' motion to dismiss the appeal with prejudice, the opposition thereto, and the reply; the motion for leave to supplement appellant's motion to govern; the letters filed pursuant to Federal Rule of Appellate Procedure 28(j); and the motion for leave to submit a surreply to appellees' Rule 28(j) letter, it is

      **ORDERED** that the motion for recusal be dismissed as moot. In accordance with 28 U.S.C. § 47, no circuit judge will "hear or determine an appeal from the decision of a case or issue tried by him" or her. It is

      **FURTHER ORDERED** that the motions for full briefing and oral argument, and to submit supplemental authorities be denied. The issues presented do not warrant further argument. It is

      **FURTHER ORDERED** that the motion for leave to supplement appellant's motion to govern be dismissed as moot in light of appellant's subsequent letter filed pursuant to Rule 28(j). It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 11-7063**                                                       **September Term, 2014**

**FURTHER ORDERED** that the motion for leave to file a surreply be denied.  It is

**FURTHER ORDERED** that the motion to dismiss the settlement agreement and to remand to the Bankruptcy Court be denied.  In Yelverton v. Webster, No. 14-7149, this court denied appellant's challenge to the Bankruptcy Court's jurisdiction to approve the settlement agreement.  Order filed Mar. 9, 2015 (D.C. Cir.), rehearing en banc denied, Order filed Jun. 23, 2015.  Because the issue of jurisdiction has already been adjudicated, the doctrine of issue preclusion bars appellant's relitigation of the same jurisdictional issue in the case at hand.  See Nat'l Ass'n of Home Builders v. EPA, 786 F.3d 34, 41 (D.C. Cir. 2015); Cutler v. Hayes, 818 F.2d 879, 888-89 (D.C. Cir. 1987) (recognizing preclusive effect of a determination of jurisdiction).  It is

**FURTHER ORDERED** that the motion to dismiss the appeal with prejudice be granted and the appeal be dismissed as moot.  This appeal challenges the district court's order affirming the judgment of the Bankruptcy Court, which dismissed appellant's Adversary Proceeding No. 10-10004.  A settlement agreement has resolved and released all claims arising from Adversary Proceeding No. 10-10004, and the Bankruptcy Court approved the settlement agreement on June 19, 2012.  By order filed March 9, 2015 in Yelverton v. Webster, No. 14-7149, this court summarily affirmed the district court's order upholding the Bankruptcy Court's approval of the settlement agreement, and appellant's petition for rehearing en banc was denied on June 23, 2015.  In light of this court's prior decisions, the present appeal is now moot because the "court of appeals cannot grant any effectual relief whatever in favor of the appellant."  Calderon v. Moore, 518 U.S. 149, 150 (1996) (internal quotation marks omitted).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**